IDA H. MONTGOMERY v. LULA MONTGOMERY ET AL.

No. 1757. Decided November 13, 1907.

**Descent and Distribution—Equitable Title—Conflict of Laws.**

The widow and administratrix of a resident of Georgia, who was also, there being no direct descendants, his sole heir under the laws of that State, paid off a note of decedent given for the purchase price of land in Texas for which he had bond for title from the payee, who, on payment conveyed the land to her. Held that she took the title in trust for the estate and that the land, being in Texas, was governed by the laws of descent and distribution of that State, by which one half passed to her and one half to his collateral kindred. (Pp. 120–121.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Kaufman County.

Lula Montgomery and others sued Ida H. Montgomery for an interest in land. Plaintiff recovered and the judgment was affirmed on appeal by defendant, who then obtained writ of error.

*Young & Adams,* and *Lee R. Stroud,* for plaintiff in error.—When the marital spouses reside in another State and the husband by bond for title or contract acquires any right to land in Texas, on a credit, and dies without ever having paid the sum of money required to obtain a conveyance, such right or title to the land in Texas becomes community property and the entire title thereto vests and descends to the heirs according to the law of inheritance of community property in Texas, and will, in the absence of lineal descendants vest in the surviving wife. Heidenheimer v. Loring, 6 Tex. Civ. App., 569; Speer, Law of Married Women in Texas, 216, sec. 208, and note 29, and sec. 34 p. 34.

The deed was made in the right of the ancestor. Hawkins had not contracted to make conveyance to any one except to W. J. Montgomery or his heirs or legal representatives. It was for their benefit and descended to them in like manner as other property, subject to the fulfilment of his obligation (Soye v. Maverick, 18 Texas, 101). The consideration for the deed from Hawkins to appellant moved from W. J. Montgomery, the ancestor, and the law will not permit her to take the deed in her own name and hold the land irrespective of the decedent whom she represented. The deed, in law, will be construed to vest in her the title in her fiduciary capacity, as administrix of her husband's estate; it became assets in her hands; and when the debts against the estate were paid the heirs were entitled to their respective interests therein (Soye v. McCallister, 18 Texas, 97). This deed acquired after the death of W. J. Montgomery, with assets belonging to his estate, inured to the benefit of his heirs by relation back to the time of the descent cast (Blythe v. Easterling, 20 Texas, 560). The land being situated in Texas, the law of descent of this State applies (12 Am. St. Rep., 96; 2nd Kent., 528; Yates v. Iams, 10 Texas, 174). Under our statute of descent this land, W. J. Montgomery having died intestate, owning it in his own separate right, leaving a widow but no children, passed one-half to his surviving widow and the other half to plaintiffs, who are the children of his deceased brother, the said parties being his sole heirs at law.

When W. J. Montgomery the husband died leaving the credit and bond for title still existing and no children, certainly his widow would inherit the whole of this community tract, charged with the debt against it. And certainly she inherited everything in Georgia, charged only with debts. And the facts being conceded that all the Georgia property belonged to her by inheritance subject only to rights of creditors, who were paid, and this community bond for title passing to her, she became the sole owner of all property in Texas and the sole owner of all property in Georgia. Does not the Texas law say that she inherits all community property in Texas? And does not the Georgia law as pleaded and proven say that she inherited all the separate property in Georgia? If then she inherited all

community property in Texas and all the separate property in Georgia, what concern was it to appellees, who were in no sense heirs either under the Georgia law or the Texas law, as to which property of her own the widow used to settle with creditors.

*Huffmaster & Huffmaster,* for defendants in error.—The court did not err in rendering judgment for plaintiff for one-half interest in the land in controversy. It was proven that all the property owned by deceased in Georgia was acquired during the marital relation between him and his surviving widow, appellant; that the common law was in force in Georgia; and that all property acquired during the marriage was separate estate of the husband. Oriental Investment Co. v. Barclay, 3 Texas Ct. Rep., 16.

MR. JUSTICE BROWN delivered the opinion of the court.

The defendants in error sued Ida H. Montgomery in the District Court of Kaufman County to recover an undivided interest in 738 acres of land. The Court of Civil Appeals makes the following statment of the facts found:

"Ida H. Montgomery is the surviving wife of W. J. Montgomery, who died intestate in Atlanta, Georgia, which was their home. W. J. Montgomery was also the uncle of appellees. During the life time of W. J. Montgomery he and the appellees were the owners of the land in controversy. In 1903, and before his death, there was a judgment rendered for partition of said land between W. J. Montgomery and appellees, wherein said land was ordered sold to carry out said partition. A sale was had and W. J. Montgomery bid in same for the sum of $11,100.00, he receipting to the constable for his one-half of the land and executing a draft on one Frank Hawkins of Atlanta, Georgia, for the other half, $5,550.00, which draft was paid and deed executed to said Hawkins, as per agreement, it being understood that Hawkins would convey the land to W. J. Montgomery upon the payment of said amount to Hawkins. After the sale and in pursuance of said agreement W. J. Montgomery executed his note for said amount and Frank Hawkins executed a bond for title or an instrument in writing agreeing to convey to said W. J. Montgomery said land upon the payment of said note. The time of payment of said note was extended several times and the last extension expired September 5, 1904, and W. J. Montgomery died intestate on August 19, 1904. After his death in October following appellant was appointed and qualified as administratrix of his estate in Georgia and on November 3, 1904, she paid the amount of said note, $6027.35, and Hawkins executed a deed of conveyance to her in accordance thereof. All of this amount was paid out of the funds of the estate of W. J. Montgomery, except $2000.00, which she borrowed from her brother; after the payment of all debts due by the estate of W. J. Montgomery there remained in the hands of the administratrix assets largely in excess of the amount paid Hawkins for said land.

"It was shown that the common law prevailed in Georgia, except

where changed by statute.    Sec. 3355 of the Georgia Code is as follows: "Rule of Inheritance.—The following rule shall determine who are the heirs at law of a deceased person; upon the death of the husband without lineal descendants, the wife is his sole heir, and upon payment of his debts, if any, may take possession of his estate without administration," and Article 1, Sec. 3353 of said code is as follows: Descent to Heirs.—"Upon the death of the owner of any estate in realty, which estate survives him, the title vests immediately in his heirs at law.    The title to all other property owned by him vests in the administrator of his estate for the benefit of heirs and creditors."

Assuming that upon the failure of W. J. Montgomery to pay the note given by him to Hawkins, the latter could have rescinded the contract to convey the land to Montgomery, yet the extension by Hawkins of the time for payment of the note kept the contract to convey in force and at his death Montgomery had a right under the contract which he could, by the payment of the money, have enforced against Hawkins.  The right of Montgomery in the contract between him and Hawkins vested at his death in his estate and his administratrix could by suit have enforced the contract against Hawkins by paying the note and thereby have acquired the title to the property for the estate of W. J. Montgomery.

The note that Hawkins held was a charge against the estate of Montgomery in the hands of his administratrix.    It is true that under the statute of Georgia all the personal property which belonged to the estate of W. J. Montgomery and all of the real estate situated in Georgia vested in Ida H. Montgomery, the surviving wife, subject to the payment of the debts; her title was subordinate to the rights of the creditors of the estate.    If W. J. Montgomery in his lifetime had sold the same property which was sold by Mrs. Montgomery after his death and had with the proceeds paid the note to Hawkins, the land, when conveyed to him, would have been his separate estate. Mrs. Ida H. Montgomery as the administratrix of the estate of her husband having used the proceeds of the separate property of that estate in paying the debt due to Hawkins, thereby acquiring title to the land, although deeded to her in her own name, took the title in trust for the estate whose funds she had used and which she represented in the transaction.    It follows as a necessary conclusion from this statement of the facts and law that when Hawkins conveyed the land to Ida H. Montgomery it became the property of the separate estate of W. J. Montgomery.    The right under the contract and the funds used by the administratrix in the payment being separate property of her decedent the equitable title to the land vested in the estate. If the land had been situated in the State of Georgia it would have descended to Mrs. Montgomery under the statute of the State, but being in the State of Texas the descent must be determined according to the laws of this State.    W. J. Montgomery having died intestate without lineal descendants, the land being his separate property descended one-half to his surviving wife, Mrs. Ida H. Montgomery, and the other half to his collateral kindred, the plaintiffs

below. The judgments of the District Court and Court of Civil Appeals are in conformity to the laws of this State and must therefore be affirmed.

*Affirmed.*