MILTON E. TOWN, Appellant, v. MARIETTA J. TOWN et al., Appellees.

**PARTITION:** Sale (?) or Division in Kind (?)—Evidence. On the question whether certain property should be in part divided in kind and in part sold, due weight must be given to the judgment of disinterested referees, especially when the testimony is in hopeless conflict.

Headnote 1: 4 C. J. pp. 894, 895; 30 Cyc. p. 266.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

· MARCH 8, 1927.·

Action in equity for the partition of real property. The issues are stated in the opinion. The plaintiff appeals.—*Affirmed.*

*Nelson Royal* and *J. O. Watson*, for appellant.

*Ed R. Brown*, for appellees.

STEVENS, J.—Milton E. Town died intestate, in the month of October, 1923, seized in fee simple of the SE¼ of the NW¼, the NE¼ of the SW¼, and the W½ of the NW¼ of the SE¼ of Section 26, Township 78, Range 22, Polk County. He left surviving him Marietta J. Town, his widow, the appellant, and James and William Town, sons of a former marriage, and the other parties to this action, who are sons and daughters of the marriage of Milton E. Town with Marietta J., his surviving widow. The share of plaintiff and his full brothers in the property is an undivided one twelfth. One of the three sons of the former marriage conveyed his interest in the property to Marietta J., who filed answer and cross-petition, asking that one third in value of the real estate be set off to her in kind, so as to include the dwelling house and other improvements on the land. The widow died before the cause was tried in the district court, and her heirs now ask that partition be made as prayed by her. The land is separated by public highways into three tracts, so that no two tracts adjoin each other. The dwelling house, which was for many years the homestead of Milton E. Town and his surviving widow, and all other improvements are located on the W½ of the NW¼ of the SE¼ of the section, known as the west 20 acres.

Referees were appointed by the court, to determine whether one third in value could be set off to the heirs of Marietta J. Town so as to include the improvements without materially impairing the value of the remaining tracts. The referees thus appointed reported in the affirmative. A decree, therefore, was entered, setting aside the 20-acre tract on which the improvements were located, to the heirs of Marietta J. Town. As to the two remaining forties, the court found that they could not be partitioned in kind, and a referees' sale thereof was ordered. The plaintiff alone appeals.

The testimony as to the value of the respective tracts, and as to the advisability of partitioning the same in kind in part, or the sale thereof as a whole, is irreconcilable, and there is no way by which this court can definitely determine the best method to be followed.

Appellees, who are the surviving heirs at law of Marietta J. Town, contend that the right of their mother, under the statute, to have an undivided one third in value of the property set apart to her so as to include the homestead, upon her death descended to them. Whether so as to include the homestead does not appear to have been decided, and we need not do so now. See, on this point, *Potter v. Worley,* 57 Iowa 66; *In re Estate of Proctor,* 103 Iowa 232. It is also the law that dower may be admeasured and set off in an action in equity for the partition of real property. *Thomas v. Thomas,* 73 Iowa 657; *Beeman v. Kitzman,* 124 Iowa 86.

Whether the right of the heirs of a surviving spouse entitled to have the distributive share in real property set off to her in kind descends to the heirs as an absolute or qualified right, we need not now decide; but see, as bearing on the question, *Todd v. Stewart,* 199 Iowa 821.

It is, of course, obvious that partition could not be made of the 20-acre tract without impairment of its market value. The land is situated some distance from town. Each of the respective tracts is more or less broken and cut up with ditches. All of the witnesses agree that the value of the NE¼ of the SW¼, referred to as the south 40, is much less than the value of the SE¼ of the NW¼, referred to as the north 40. The 20-acre tract lies immediately east and across the road from the south 40. The improvements on the 20-acre tract consist of the dwelling house, a barn, corncribs, hog houses, a wash shed, a garage, a chicken house, and a good well. All of the buildings except one or two of the smaller ones are shown by the evidence to be old, and in rather bad condition. For example, the barn was built more than 50 years ago, and part of the house has no foundation under it. The floors are in bad condition, and the south one half of the house needs reshingling. The wash house has been built about 12 years. The barn has a tin roof on it, and some of the sills have rotted and fallen out. The garage is in bad condition, and the two small hog houses are in a depleted condition. There is a good orchard on the 20-acre tract. Several witnesses testified that the improvements were worth from $3,000 to $4,000, and that the tract on which they are located would sell on the market at from $200 to $300 per acre. Other witnesses testified that the 20-acre tract, including the

improvements, was worth from $125 to $135 per acre. With the exception of the testimony of one witness, the highest value placed by anyone upon the tract as a whole was $12,000 or $13,000. We are of the opinion that appellant very much exaggerates the value of the improvements on the 20-acre tract, and that the tract does not substantially exceed one third in value of the whole. All attempts on our part to reconcile the testimony and to determine the real value of the respective tracts have led to unsatisfactory conclusions.

Even if it were admitted that the 20-acre tract constitutes approximately one third in value of the entire estate, it must yet be determined whether a more equitable result would follow if a sale were made of the three tracts together. The proximity of the improvements to the two 40-acre tracts affords some support to the argument of appellant that this is the better way to dispose of it. The evidence on this point is also unsatisfactory. It is no doubt often true that small tracts of land situated as are the tracts in question may be sold to better advantage, and at a relatively higher price, than two or more contiguous tracts separated by highways, as in this case. The opinion and judgment of the referees, who, so far as the record shows, were wholly disinterested, must be given weight. We have found no way by which a more satisfactory conclusion can be reached than the one embodied in the decree. There is no rule by which the controversy can be accurately and definitely determined. We reach the conclusion that the decree of the trial court is substantially correct, and that it should be, and is,—*Affirmed.*

EVANS, C. J., and FAVILLE and VERMILION, JJ., concur.