CORA EHLER, Appellee, v. ELMER EHLER et al., Appellants.

No. 41100.

JUNE 24, 1932.

Lee Soltow, for appellants.

Malcolm Currie, for appellee.

ALBERT, J.—Gerd Ehler was at one time a resident of the state of Iowa and the owner of 254.9 acres, more or less, of real estate in Section 7, Township 83 N., Range 35 West of the 5th P. M. of Iowa, said land being located in Sac County.

Ehler was the father of eight children who were parties defendant in this action. His wife having died, he moved to California where he resided for a number of years prior to his death on April 10, 1927. After he had become a resident of California, he acquired certain real estate there which is hereinafter referred to as the "homestead" property. After he became a resident of California, he married Cora Ehler, the plaintiff herein, who is his surviving widow. At the time of such marriage, she was a resident of California, and they continued to be such until the time of his death.

The will of Gerd Ehler was admitted to probate in California on May 9, 1927, and in Sac County, Iowa, on October 8, 1927. By the terms of said will, Ehler specifically disinherited his wife, Cora Ehler, and disposed of all of his property to his children. He was permitted to do so under the laws of the state of California. The home and residence property in the state of California was set off to the plaintiff as a homestead on her application by due proceedings in the probate court of the state of California.

In November, 1927, she filed her election refusing to take under the will of the said Gerd Ehlers in the District Court of Iowa in and for Sac County, and she brings this action asking that she be decreed to be the owner in fee of a one-third interest in the aforesaid 254.9 acres of land in Sac County, Iowa. Numerous issues were made in the pleadings and the case was submitted on a stipulation of facts from which we have abstracted the above statement. The district court held that the plaintiff was entitled to a decree in her favor adjudging her to be the owner of an undivided one-third interest in the said Sac County real estate, and the defendants appeal.

Under this record, there is in reality but one question for determination and that is whether or not Cora Ehlers, by reason of having elected to take the homestead in California, thereby deprived herself of her right to claim a one-third share in the aforesaid Sac County real estate.

It is the well settled law that as this real estate is situated in Iowa, the law of this state governs the question here involved, regardless of what the law may be in the state of California. Section 10146, Code, 1927, provides:

"The survivor may elect to retain the homestead for life in lieu of such [distributive] share in the real estate of the deceased." *Sam* 39.

The above section needs no interpretation as it speaks for itself. We have had this statute before us and have said, in substance as well as in terms, that the survivor can not elect to take the homestead and in addition thereto, take a distributive share in the other real estate. Amish v. Amish, 196 Iowa 685; Jamison v. Crocker, 148 Iowa 104; Butterfield v. Wicks, 44 Iowa 310; Meyer v. Meyer, 23 Iowa 359.

For the purpose of hastening an election between a distributive share and a homestead, Sections 12012 and 12013, Code, 1927, were adopted. These sections read as follows:

"Within six months after written notice to the survivor, given by any heir of a deceased intestate, or by the administrator of his estate in case a sale of the real estate is necessary to pay debts, the survivor may elect to take the distributive share, or the right to occupy the homestead, which election shall be made and entered of record as provided in sections 12007 and 12008."

"In case of a failure to make such election, the right to occupy the homestead in lieu of the distributive share shall be waived."

These sections were not called into use in this case because plaintiff voluntarily filed her application for such homestead, and the same was set off to her by the probate court in the state of California.

On the surface, therefore, it appears that under these provisions of the Iowa statutes, the plaintiff having elected to take the homestead, she thereby waived all right to claim a distributive share in the Sac County real estate. But underlying this proposition is the ultimate controlling question in the case, and that is, whether or not, under the statute putting the spouse to her election, the homestead in controversy which she elects to take or reject must be within the boundary of the state of Iowa: or, to put the question in another form, will the fact that the plaintiff elected, in the state of the original probate of the will, to take the homestead right, carry over into the state of Iowa

so as to put in operation the aforesaid statute in this state? On this question counsel on either side of the case has been unable to furnish any precedent, and we have been unable to find any in a careful research.

The law seems to be quite well settled that, where a will disposes of property in two or more jurisdictions, by an election made in one jurisdiction to accept or renounce the will the person so electing is bound thereby in every other jurisdiction. Martin v. Battey, 125 Pac. (Kansas) 88; Apperson v. Bolton, 29 Ark. 418. In the latter case it is ruled that the right of a widow to renounce the provisions of a foreign will and to take dower out of lands in Arkansas was governed by the law of that state, but that if there was an acceptance of the will in the state of Tennessee, the state of the domicile, she could not make a different election in Arkansas. It was said that "it is a general principle of law that one cannot claim under a will and against it too, and an acceptance of the provisions of the will in Tennessee would bind her everywhere," citing Jones v. Gerock, 59 N. C. 190; Blunt v. Gee, 5 Call (Va.) 481.

In In re Estate of Washburn, 20 N. W. (Minn.) 324, a party died a resident of Wisconsin, owning land in Minnesota. The laws of that state gave the widow a dower, but provided for an election by her whether she would take under the will or under the law. The surviving widow in Wisconsin was insane and in proceedings in the Wisconsin court, the court made an election for her, and the Minnesota court held that, the Wisconsin court having made such an election, it was effectual everywhere. To the same effect see Lawrence's Appeal, 49 Conn., 411; Cooke v. Fidelity Trust & S. V. Co., 47 S. W. (Ky.) 325; In re Owsley's Estate, 142 N. W. (Minn.) 129; Wilson v. Cox, 49 Miss. 538.

The aforesaid sections of the Iowa statute putting the surviving spouse to an election between a homestead and a distributive share are a part of Chapter 441, Code, 1927, which deals with the question of homesteads in the state of Iowa. It defines homesteads; provides for the extent thereof, both in city and rural property; method of platting and selecting of the same in case of executions or under order of court; provides as to the method of taking such homestead and the conveyance and incumbrance of the same and exemptions, and the

manner of descent thereof. It is apparent from a careful reading of this chapter that it was intended by the legislature to deal wholly with homesteads in the state of Iowa, and the aforesaid Section 10146 being a part of this chapter, it necessarily follows that the legislature in these enactments was dealing wholly with homesteads within the boundaries of the state of Iowa. This being true, we think the fact that the plaintiff availed herself of her rights in the estate of the deceased under the California law in the state of California has no bearing whatever on the question before us. In other words, the election on the part of the plaintiff in the state of California to take the homestead there situated can not have any effect upon her rights, under the laws of the state of Iowa, to take her distributive share in the land in controversy.

The appellant argues, in substance, that because the marriage took place in California, her rights in the property are measured by the marriage contract, and the law of the state where the contract of marriage was entered into should govern the rights of the surviving spouse in the real estate situated outside of the state of their domicile. This argument is cleverly constructed, but is not sound, because it is a well established law that the law of the state where the real estate is situated governs in matters of this kind. See Norris v. Loyd, 183 Iowa 1056, and Clarke v. Clarke, 44 L. Ed. (U. S.) 1028. Many other cases in this state hold to this doctrine.

We hold, therefore, that the right of dower or distributive share is not governed by the marriage contract, but by the law of the state where the real estate is situated. The question here is not a question of the conflict of law, but a question of what the law of Iowa is, so far as this real estate is concerned.

The appellants claim that appellee's dower interest should not exceed the amount allowed to her under the California law, and cite a Connecticut case, Bankers Trust Co. v. Greims, 66 A. L. R. 726. This case holds, however, that the Connecticut court had no jurisdiction over real estate in other states, and such real estate would not be considered a part of the estate in the principal administration of an estate in Connecticut. The question there urged was that in estimating the widow's dower right in Connecticut, the Connecticut court could not take into consideration real estate in other states; that whatever dower

rights she had in that state must be governed by the law of the state where the real estate was situated.

The instant case is not a case where the surviving spouse is attempting to take under the will in one state and under the statute in another state, because of the fact that she took nothing under the will. It must follow, therefore, that the order of the probate court of California, setting off to the plaintiff her homestead in that state, has no effect whatever as to her rights in the real estate located in Iowa, which are covered wholly by the law of the state of Iowa.

Appellants urge also the doctrine of equitable conversion, but such doctrine has no application to the situation before us, because of appellee's rejection of the will; and even if such doctrine were applicable, she would be entitled to her distributive share on the sale of the real estate. See Blain v. Dean, 160 Iowa 708.

The provisions of the statute for admeasurement of dower are not exclusive, and dower may be assigned or set off in equity by partition or any other appropriate action. Town v. Town, 203 Iowa 254; Blain v. Dean, 160 Iowa 708; Thomas v. Thomas, 73 Iowa 657.

As above expressed, the conclusion we reach is that what was done in the California court has no bearing on the questions involved in this case, and the plaintiff was entitled to a decree holding that she was the owner of an undivided one-third in the Sac County real estate, subject to the incumbrance thereon. This being the conclusion reached by the district court, the case is affirmed.

WAGNER, C. J., and KINDIG, FAVILLE, GRIMM, MORLING, and DE GRAFF, JJ., concur.