### SINGLETON v. ST. LOUIS UNION TRUST CO. et al.

No. 2657.

Court of Civil Appeals of Texas. Tenth District, Waco.

Dec. 13, 1945.

Rehearing Denied Jan. 3, 1946.

144

Carrington, Gowan, Habberton, Johnson & Walker, of Dallas, for appellant.

Hancock & Hancock, J. C. Lumpkins, and R. F. Chapman, all of Waxahachie, for appellees.

LESTER, Chief Justice.

This suit was brought by the St. Louis Union Trust Company and Marvin E. Singleton, Jr., as coexecutors of the estate of Marvin E. Singleton, Sr. (referred to herein by his familiar title of "Col. Singleton") and also as ancillary administrators of his estate. The suit named his widow and children as defendants. They ask for a construction of his will and a declaration of the rights of the various parties to his unsold Texas real estate and to the proceeds of the sale of his Texas real estate and personal property in the light of his widow's election to take under the law and not under his will.

Col. Singleton resided in the City of St. Louis, State of Missouri, where he had his domicile. His will was probated in the State of Missouri and later filed for probate in Ellis County, Texas, where ancillary administration was taken out. The provisions of his will material to this case are as follows:

"I, Marvin E. Singleton, of the City of St. Louis, State of Missouri, do hereby make, publish and declare the following to be my last will and testament, hereby revoking and cancelling all former wills and codicils by me at any time made.

"First: I direct my Executors hereinafter named to pay all of my just debts and funeral expenses as soon as practicable after my death, without an allowance or order of the Probate Court.

"Second: I hereby give and bequeath all of my household furniture, furnishings, jewelry, clothing and other personal effects, including my automobiles, unto my wife, Mary Perry Singleton, as her absolute property.

\*     \*     \*     \*     \*

"Fourth: All of the rest, residue and remainder of my estate of whatever it may consist, and wherever situate, belonging to me at the date of my death, I hereby give, devise and bequeath unto my son, Marvin E. Singleton, Jr., and the St. Louis Union Trust Company, a Missouri corporation, in trust, nevertheless, for the uses and purposes hereinafter mentioned:

\*     \*     \*     \*     \*

"(a) One-tenth (1/10) of the residue of the trust estate shall be set aside and retained in trust by my said Trustees as a separate and distinct trust estate, for the use and benefit of my wife, Mary Perry Singleton, and the entire net income therefrom shall be paid over and distributed unto her in monthly or other convenient installments for and during her natural life, and upon her death this trust shall cease and determine as to her, and the corpus of the trust estate so held and retained in trust for her use and benefit under the provisions of paragraph (a) hereof, shall be and become a part of the corpus of the trust estates hereinafter created for the equal use and benefit of my children, under the provisions of paragraph (b) hereof.

"(b) The remaining nine-tenths (9/10) of the residue of the trust estate shall be held and retained in trust by my said Trustees, as nine (9) separate and distinct trust estates, for the equal use and benefit of my children: Edward C. Singleton, John H. Singleton, Susie S. Singleton Porter, Mrs. Elizabeth R. Singleton, Marvin F. Singleton, Jr., Joe R. Singleton, June Singleton, Mary E. Singleton, and Perry Marvin Singleton, and until my said children respectively reach the age of twenty-five (25) years all or so much of the income as may be necessary arising from their respective equal trust estates herein created shall be used and applied by the said Trustees for their education, maintenance and support; provided, however, if it shall not be necessary in the opinion of my said Trustees to use and apply all or any part of such net income for the education, maintenance and support of my said children during such time, then such income not used for the purposes stated, shall be accumulated and invested, and paid over unto my said children respectively, as and when they become twenty-five (25) years of age.

*    *    *    *    *

"Tenth: I hereby nominate, constitute and appoint my son, Marvin E. Singleton, Jr., and the St. Louis Union Trust Company, a Missouri corporation, Executors of this my last will and testament, and direct that no bond shall be required of my said son as such Co-Executor; and I hereby certify that at or before the execution of the same, I had advice and counsel in relation thereto from someone not under salary from the St. Louis Union Trust Company.

"In Witness whereof, I have hereunto set my hand and seal this 15th day of March, 1932.

"(Signed)
    "Marvin E. Singleton * * *."

Col. Singleton left a large estate situated in Missouri, Texas, Arkansas and Tennessee. His Texas property was his separate property. He left his widow and nine children surviving, seven of said children being by a former marriage and two by his surviving widow.

At the time of the death of Col. Singleton there was in full force and effect in the State of Missouri the following Statutes, being Sec. 328 of the Revised Statutes of Missouri of 1939, Mo.R.S.A., as follows: "§ 328. Child's part, when taken in lieu of dower. When the husband shall die, leaving a child or children or other descendants, the widow, if she has a child or children by such husband living, may, in lieu of dower of the one-third part of all lands whereof her husband died or shall die seized of an estate of inheritance, to hold and enjoy during her natural life, elect to be endowed absolutely in a share of such lands equal to the share of a child of such deceased husband. The provisions of this section shall be subject to the payment of her husband's debts."

And Section 333, as follows: "Renunciation of will. In such case the wife shall not be endowed in any of the real estate whereof her husband died seized or in which he had an interest at the time of his death unless she shall, by writing duly executed and acknowledged as in cases of deeds for land, filed in the office of the court in which the will is probated and recorded within twelve months after the [proving] of the will, not accept the provisions made for her by said will."

The surviving widow, Mrs. Mary Singleton, in compliance with said statutes of the State of Missouri, elected not to take under the will and filed her declaration to that effect in the probate proceedings in Missouri in proper time, and in proper time filed her declaration of record in the County Clerk's office of Ellis County, Texas. In addition to the real estate owned by Col. Singleton he also owned a large amount of personal property situated in Texas. Subsequent to taking out of such ancillary administration in Ellis County, the property known as the Singleton Farms in Ellis County was sold and converted into cash by his ancillary administrators under orders of the probate court of Ellis county, which brought the sum of $60,911.20, and the personal property in the State of Texas was sold under order of the probate court for the sum of $10,000, and the proceeds of both sales are held by the St. Louis Union Trust Company and Marvin E. Singleton, Jr., as ancillary administrators of said estate. The real estate situated in Navarro County had not been sold.

The cause was tried before the court without the intervention of a jury upon an agreed statement of facts. The court decreed that Mrs. Mary Perry Singleton was entitled to a child's part in the pro-

ceeds of the sale of the personal property, as provided by the Missouri law, but denied her any right to the proceeds of the sale of the Texas real estate and denied her any right in the unsold portion of the Texas real estate, and decreed that by reason of her renunciation and election under the statutes of Missouri, the devise made to her in trust should cease and determine as to her and that the corpus of such trust estate for her use and benefit under such will should be and become a part of the corpus of the other trusts created and devised in said will.

In this suit the children contend that by her renunciation she lost all right to any part of the Texas real estate, or the proceeds thereof, and say that the part she renounced went into the trust for their use and benefit alone.

Mrs. Singleton, on the other hand, contends that her election to take under the law and against the will was a right given her by the Missouri law; that she exercised that right; that such election had the effect of causing her husband to die intestate so far as her legal rights are concerned, and that the election was effective in Texas as well as in Missouri; that under the Texas law of descent and distribution she was entitled to a life estate in one-third of the Texas real estate and that the trial court should have so declared.

Col. Singleton's will placed the bulk of his property in trust. Paragraph 4 (a) of the will gave the widow the income for life in one-tenth of the residue of his trust estate. Under the Missouri law she had a dower right of one-third interest for life in the Missouri land or the right under the Missouri statute to elect to be endowed absolutely in a share of such lands equal to the share of a child of such deceased husband. Since the will ignored her dower right under the Missouri law, and in view of the Missouri statute giving his widow the right of election, she had a right, under such law, to elect not to take under the will, which she availed herself of, and the main question here is what effect her renunciation of said will and her election not to take under same had on Col. Singleton's separate property in Texas.

In support of appellant's contention that the widow's election not to take under the will made in Missouri was a renunciation of the will everywhere, and was effective in Texas, she cites the following authorities: In re Bernays' Estate, 344 Mo. 135,

126 S.W.2d 209, 214, 122 A.L.R. 169, which was a tax case, and in which the Supreme Court of Missouri, in discussing the widow's dower rights, said:

"The inchoate right of dower does so attach (upon coverture and seizin in the husband), becoming consummate upon the husband's death, cannot be aliened by the husband without the wife's assent and is not subject to his debts.

\* \* \* \* \*

"While the husband cannot deprive the wife of her dower or her right to take by election the statutory substitutes in lieu thereof without her assent, she can waive or relinquish those rights, and if the husband's will makes provision for the wife in lieu thereof and she accepts it she does relinquish them."

69 C.J., p. 1138, sec. 2439, where it is said: "Generally, the widow's renunciation of her husband's will precludes her from claiming or accepting any benefits thereunder in any state." Also, 69 C.J., p. 1143, sec. 2447, where it is said: "Renunciation, as respects the beneficiary, is operative in all jurisdictions in which the testator left property." In the case of Colvin v. Hutchison, 338 Mo. 576, 92 S.W.2d 667, 670, 105 A.L.R. 266, by the Missouri Supreme Court, the husband died in Illinois where he and his wife resided. An election was made by her not to take under the will. This was filed in Illinois but not in Missouri where she owned land, and the question arose as to the effect of the election on the Missouri land. The court said:

"But, when she renounces the will in the state of her residence, where its validity is established by probate, she renounces it in toto everywhere and cannot take testamentary benefits under it anywhere. \* \* \*

"We therefore have no difficulty in reaching the conclusion that the widow, Mary Livingston, was not bound by the provisions of her husband's will, but could take her rights under the law in the Missouri land. But this necessarily presents for our decision a more difficult question, namely: What rights did she get under the Missouri Law? This must be determined by our own statutes."

Appellant's contention is that since she elected not to take under the will and filed her declaration both in Missouri and Texas, it had the same effect as if Col. Singleton had died intestate so far as her legal rights were concerned and she is entitled to receive an interest of one-third for life in

his separate real estate in Texas under our statute of descent and distribution. Appellant cites Doran v. Beale, 106 Miss. 305, 63 So. 647, which is by the Supreme Court of Mississippi. In this case the wife was domiciled in Illinois at the time of her death and owned real estate in Mississippi. Her husband declared not to take under the will and filed a renunciation of the same in Illinois where the will was probated, and brought suit to recover an interest in his wife's land in Mississippi pursuant to that state's laws of descent and distribution. The defendants demurred to his petition as follows: "Under complainant's renunciation, made in Illinois, he was bound to take such legal share of his wife's estate as is accorded to him by the laws of Illinois, and is not entitled to share in said estate as is accorded by the laws of Mississippi."

They further demurred on the ground that: "The renunciation of the provisions of the will made and probated in the state of Illinois, the place of residence and domicile of the wife of complainant at the time of her death, does not have the effect to render the estate intestate, so that the husband can take that portion of the real estate of his wife situated in Mississippi claimed by said bill."

The court overruled said demurrers and such action was upheld by the Supreme Court. The court, in passing on the matter, said: "The argument of counsel for appellees in effect is that when appellant renounced his wife's will, he thereby elected to take that portion of her estate to which he is entitled under the law of descent and distribution of the state of Illinois. It is true that appellant, by renouncing his wife's will, elected to take the portion of her estate to which he is entitled under the law of descent and distribution, but not necessarily the law of descent and distribution of the state of Illinois. His election was to take that portion of her estate to which he is entitled under the law which governs the descent and distribution of her property; and the law governing the descent of real estate is the law of the place where situated."

In the case of In re Owsley's Estate, 122 Minn. 190, 142 N.W. 129, a wife died in Virginia, where her will disposing of all of her property was probated. Her husband renounced the will in Virginia and also in Minnesota and sought to recover an interest in her real property in Minnesota under that state's statute of descent and distribution. The court held that he could renounce the will and take as a statutory heir.

In Ehler v. Ehler, 1932, 214 Iowa 789, 243 N.W. 591, 593, the widow elected not to take under the will of the testator, who lived in California and who had his homestead in California. She sued to establish a right to a homestead in Iowa, electing to take a homestead in lieu of a distributive share in renunciation of the will. The defendants claimed that the widow's interest should not exceed the amount allowed to her under the California law. On that point the court said: "In other words, the election on the part of the plaintiff in the state of California to take the homestead there situated cannot have any effect upon her rights, under the laws of the state of Iowa, to take her distributive share in the land in controversy." Ashelford v. Chapman, 81 Kan. 312, 105 P. 534; 69 C.J. 1137, Sec. 2438.

■■■ All the cases cited by appellant in support of her proposition that she should be entitled to inherit under our laws of descent and distribution by reason of her renunciation, which hold that she should be permitted to do so, are out-of-state cases, and all cases cited are from states that have dower rights or forced heirship, with the exception of California. But, as we view it, this case must be decided by the laws of Texas and not by the laws of foreign states. From the early decisions of our Supreme Court up to the present time the following rule is laid down: The law of the actual domicile of the testator is to govern in relation to his testament of personal property, whether the property is situated within the domicile of the testator or in a foreign country; but in respect to real property of the testator, the place where the property is situated is to govern not only as to the capacity of the testator and the extent of his power to dispose of the property, but also as to the forms and solemnities necessary to give to the will its due attestation and effect. Keeping this rule, and Article 8282, Vernon's Revised Civil Statutes, and the decisions of our courts in mind, a person is given the absolute right to dispose of his separate property as he pleases as long as he does not violate some statutory or constitutional right of his widow or those claiming under him.

■■■ Col. Singleton and his widow having their domicile in the State of Mis-

souri at the time of his death, and having no homestead rights in the State of Texas, and no rule ·of dower or forced heirship existing in Texas, he had a right to dispose of his separate real estate in Texas as he saw fit; and having willed the same in trust for his surviving widow and nine children, as he had a right to do, and his widow electing not to take under the will, as she had a right to do, she would only have the right to claim such interest, if any, in his property which he was forbidden under the law of Texas to dispose of by his will by reason of his widow surviving him, which was none, as we view it. Suppose Col. Singleton and his widow were domiciled in Texas at the time of his death and owned community property and he was the owner of separate property, and he executed his will whereby he included all of the property, both community and his separate property, in creating a trust estate for the benefit of his widow and nine children and the widow elected not to take under the will but demanded what she would be entitled to under the law, which would be one-half of the community estate, but she would not be permitted to take the one-half of the community property plus one-third interest for life in his separate real estate when he had disposed of it by will. 44 Tex.Jur., "Wills", Sec. 132; Holman v. Hopkins, 27 Tex. 38; King v. Lowry, Tex. Civ.App., 80 S.W.2d 790, writ refused; Crossland v. Dunham, 135 Tex. 301, 140 S. W.2d 1095; Colden v. Alexander, 1943, 141 Tex. 134, 171 S.W.2d 328; Holland v. Jackson, 121 Tex. 1, 37 S.W.2d 726; 26 Tex.Jur., "Judgments", Sec. 579; Montgomery v. Montgomery, 101 Tex. 118, 105 S.W. 38; 9 Tex.Jur., "Conflict of Laws", Sec. 8, Real Property; 11 Amer.Jur., "Conflict of Laws", B, Real or Immovable Property, Sec. 30 and Sec. 6.

Appellant further contends that the widow's election not to take under the will of her deceased husband did not have the effect of creating a lapsed legacy out of that portion of the estate devised to her in the will, and cites 44 Tex.Jur. 805, which holds:

"If a person who is named as devisee or legatee has died during the lifetime of the testator, the gift to him is deemed to have failed or lapsed, unless (1) the will contains a substitutionary provision, or (2) the devisee or legatee was a 'descendant' of the testator and was survived by lineal descendants.

\* \* \* \* \* \*

"Where the interest of a devisee or legatee under the will has vested, his subsequent death will not cause a lapse, even if death should have occurred prior to the time when the devise or legacy became payable."

and Vol. 2, Page on Wills, 2065, Sec. 1241, as follows: "A lapsed legacy or devise is one which was operative when the will was made, so that if the testator had died the moment after he executed the will, such legacy or devise would have taken effect; but which fails because the beneficiary has, in some way, become incapable of taking under the will before testator died."

We feel that appellant's contention should be overruled for the reason the widow, having renounced the will in question, thereby relinquished all her interest in his separate real estate in Texas and caused the same to cease and determine as far as she was concerned and caused the gift over of the corpus of said one-tenth share of the residuary estate to be accelerated and immediately pass under the will into the other trusts for the benefit of the children. See 5 Am.Law Rep. 1632; Speer, Marital Rights in Texas, p. 400, Sec. 323; Munger v. Munger, 1927, Tex.Civ.App., 298 S.W. 470, writ refused; Forsyth v. Dallas Joint Stock Land Bank, 1935, Tex.Civ.App., 81 S.W.2d 1103, reversed on other grounds; 44 Tex.Jur., "Wills", Sec. 298.

Believing the trial court rendered the proper judgment, the same is therefore affirmed.