FRED HOPP, Appellant, v. WLADY F. PETKIN, Appellee.

No. 43664.

NOVEMBER 17, 1936.

F. B. Olsen and Geo D. Koser, for appellee.

J. M. Dower, for appellant.

HAMILTON, J.—This is an action in equity for the partition of certain real estate situated in Iowa City, Johnson County, Iowa, record title to which was in the name of Henrietta K. Petkin at the time of her death. Henrietta died intestate without issue, a resident of Cook County, Illinois, on April 19, 1933, leaving the defendant, Wlady F. Petkin, as her surviving spouse. She left certain personal property, situated in the State of Illinois, aggregating approximately $3,000 and was seized in fee simple at the time of her death of the following described real estate, situated in Johnson County, Iowa, to wit: The south half of lot 9 in block 6 of Lyon's second addition to Iowa City, Iowa. The total value of all said real estate and personal property according to the testimony was less than $7,500. Fred Hopp, the appellant, brought this action in partition in Johnson County, Iowa, alleging that as father of said deceased, Henrietta K. Petkin, he was the owner of two-thirds of the above-described

real estate, and that the appellee Wlady F. Petkin, surviving spouse of Henrietta K. Petkin was the owner of an undivided one-third thereof. In the second division of the petition appellant alleged that Henrietta K. Petkin was the daughter of appellant, born out of wedlock.

Appellee, in answer to said petition, alleged (1) that the entire estate of Henrietta K. Petkin was less than $7,500, including the Iowa real estate, and that appellee as surviving spouse became the sole owner of said real estate under the provisions of section 12017 of the Iowa Code of 1935; (2) he denied that appellant was the father of said deceased, but alleged that said appellant was her step-father. By way of cross petition the same matters were set up, and affirmative relief was asked, praying that judgment be entered decreeing the defendant, appellee, to be the sole owner of the Iowa real estate and rentals. No answer or reply was filed to appellee's cross petition. The trial court rendered decree finding that appellant had failed to establish the material allegations of his petition, and that appellee had established the material allegations of his cross petition and was entitled to the relief prayed for therein, and rendered judgment and decree establishing title to said real estate in appellee and judgment against appellant personally and as ancillary administrator of the estate of Henrietta K. Petkin for $328.18 for net rentals collected from said property. From this decree plaintiff has appealed.

Two issues are raised by the pleadings: (1) The issue of paternity of Henrietta K. Petkin. (2) If paternity is established in appellant, whether or not the defendant-appellee is entitled under section 12017, Iowa Code of 1935, to all of the property of said deceased, where the value does not exceed $7,500.

The deceased was born out of wedlock in Germany. Her mother was Wilhelmina or Minnie Heyden. When Henrietta was about two years old, she, along with her mother, Minnie Heyden, and her grandparents immigrated to this country. Among the immigrants on the boat was a young man by the name of Fred Hopp who came along with the Heyden family. This group of immigrants settled first in Benton, and later in Johnson County, Iowa, and soon thereafter young Fred Hopp married Minnie Heyden, to which union several children were born. Henrietta lived in this family with her mother and step-father and half brothers and sisters and went by the name of

Hopp, called Fred Hopp her father, and was, to all outward appearances, looked upon and spoken of as one of the Hopp children. At the time of this trial, Minnie Hopp, nee Minnie Heyden, was deceased. All the immigrants who came over to this country with the Heydens were likewise deceased, except Fred Hopp and a Mrs. Lena Rusbult, a sister of Minnie Heyden, who was 24 or 25 years of age at the time this family came to America. This sister, now 87 years of age, was a witness in the case and testified that Minnie Heyden, mother of Henrietta K. Petkin, told her that an army man by the name of Fisher was the father of Henrietta; that Minnie Heyden's father had Henrietta baptized under the name of Fisher; that as a matter of family history Fisher, and not Fred Hopp, was Henrietta's father.

Henrietta's half-sister, Mrs. Mary Gorsch, as a witness for plaintiff, on cross-examination testified that she knew as a matter of family history, that it was talked over by her parents and her brothers and sisters, that her relationship to Henrietta was that of half-sister, they having the same mother. In addition to this, the confirmation record of the German Evangelical Lutheran St. John's Church at Homestead, Iowa, showing the confirmation of Henrietta, gives her mother's name as Wilhelmine Heyden, but does not give any name as father. Other entries in this record give both parents. This record was made several years after Fred Hopp and Minnie Heyden were married. Fred Hopp, who was personally present in court and who ought to know something about this matter, for some reason did not take the witness stand. There is not a word of evidence touching the relationship or association of Minnie Heyden and Fred Hopp in Germany prior to the time of the birth of this child. There is some evidence that at the date of emigration, when this child was two years old, Fred Hopp was "keeping company with Henrietta's mother". The child being born out of wedlock, two years prior to marriage, there is no presumption to aid the plaintiff. The burden of proof rested upon him. This evidence would seem to be quite conclusive that Fred Hopp was not the father of Henrietta.

Appellant relies on the testimony of two or three neighbors and Mrs. Gorsch, half-sister of Henrietta, to the effect that Henrietta was treated as his child by Hopp, that she called him "father" and went under the name of "Hopp". And upon the records of the probate court of Cook County, Illinois, in the

matter of the proof of heirship in the estate of Henrietta K. Petkin, on ex parte hearing without notice, on the testimony of the defendant, Fred Hopp was recorded as the father of Henrietta. Under the Illinois statutes this record is only prima facie evidence of heirship. Furthermore, while this estate was still pending, this record was set aside and a new record of heirship found, in which Fred Hopp is. not listed as father, and in which the brothers and sisters of Henrietta are recorded as half-brothers and half-sisters. This last record was likewise made on the testimony of the defendant alone. It would seem the probative force of this record is of little value.

The fact that this little girl, two years old, who grew up in the home of this appellant who was married to her mother, called him ''father'' and went about as a member of his family under the name of ''Hopp'' has little weight in establishing the paternity, in the light of the family history, including the declaration of the mother of the illegitimate child that a man by the name of Fisher was her father, that she was baptized under this name, and that as a matter of family history the other children born into this Hopp family were half-brothers and half-sisters of Henrietta, they having the same mother. The declarations of the mother, who was deceased at the time of the trial, are admissible as to the paternity of her child, Henrietta, born out of wedlock. Robertson v. Campbell, 168 Iowa 47, 147 N. W. 301. Likewise, declarations in the family as a matter of family history and pedigree are admissible upon the principle '' 'that they are the natural effusions of a party who must know the truth, and who speaks upon an occasion when his mind stands in an even position, without any temptation to exceed or fall short of the truth.' '' Alston v. Alston, 114 Iowa 29, 35, 86 N. W. 55, 57.

No one can read this record without being abidingly satisfied that the overwhelming weight of evidence refutes appellant's claim in his petition that he is the father of Henrietta Petkin. This being true, and this being a vital, material and necessary fact to be established, his cause must fail for want of proof. The real estate being situated in Iowa, the laws of descent of this state govern. Putbrees v. James, 162 Iowa 618, 144 N. W. 607; Ehler v. Ehler, 214 Iowa 789, 243 N. W. 591. Under our statute, section 12031, a father may inherit from his illegitimate children, where paternity has been established as therein provided, that is, ''when the paternity is proven during his life, or

they have been recognized by him as his children; but such recognition must have been general and notorious, or else in writing. Under such circumstances, if the recognition has been mutual, the father may inherit from his illegitimate children.''

The conclusion we have reached on this branch of the case makes it unnecessary to determine the other question. The judgment of the trial court must necessarily be affirmed.—Affirmed.

PARSONS, C. J., and DONEGAN, ANDERSON, KINTZINGER, RICHARDS, ALBERT, and STIGER, JJ., concur.