IN RE ESTATE OF ONTA CLEMMONS.

No. 47953.

(Reported in 49 N.W.2d 883)

NOVEMBER 13, 1951.

Irving D. Long, of Manchester, for appellant Harry Clemmons, surviving spouse.

Thomas H. Tracey, of Manchester, for appellees Julia Satterlee, Carrie Satterlee, and Marion Satterlee.

Swift & Swift, of Manchester, for administratrix.

GARFIELD, J.—The question for decision is whether the surviving spouse of a Wisconsin resident who died intestate, without issue, whose entire net estate is less than $7500 in value, takes all decedent's land located in Iowa under section 636.32, Code, 1946, or only one third thereof under section 636.5 as the trial court held. We think the spouse is entitled to all the Iowa land.

Onta Clemmons, a Wisconsin resident, died intestate in 1946, survived by her husband and six brothers and sisters but no issue. She left personalty in Wisconsin, a bank deposit of $1070 and land appraised at $4650 in Iowa. Decedent and her husband also had United States bonds of $1033 payable to them jointly and Wisconsin land held in joint tenancy valued at $4700. The estate was settled in Wisconsin and the spouse received $469 upon approval of the final report there.

Ancillary administration was taken out in Iowa. By objections to the final report of the Iowa administratrix the surviving spouse alleged the entire net estate did not exceed $7500 and he was entitled to all the estate in Iowa. He pleaded the statutes of Wisconsin under which all the lands and personalty of an intestate descend to the surviving spouse if there are no issue.

Three of decedent's six brothers and sisters alleged in reply to the spouse's objections they "are entitled to a share in one half the estate in excess of $7500 in value" and "the value of the estate * * * is far in excess of $7500 which said surviving spouse might

1250

claim as his sole property." There was no denial of the Wisconsin statutes pleaded by the spouse.

When the matter was heard by the probate court the final report of the Wisconsin administrator and the judgment of the Wisconsin court approving it were received in evidence. The spouse testified briefly. The facts are not in dispute and are sufficiently stated herein.

The trial court held section 636.32, Code, 1946, is not applicable to an ancillary estate, the spouse is entitled to only a third interest in the Iowa land, apparently on the theory section 636.5, not 636.32, is applicable. The six brothers and sisters were awarded the remaining two-thirds interest. The Iowa bank account, less administration costs, was awarded the spouse, doubtless on the theory the Wisconsin statutes determine the descent of personalty.

Since only the spouse has appealed we have occasion to consider the correctness of the decision merely as to the land.

The allegations of appellees' reply quoted above seem inconsistent with the claim they now make that section 636.32 is not applicable. The reply indicates that 636.32 applies and the brothers and sisters are entitled to a share of the land on the alleged ground the estate exceeds $7500 in value. (Section 636.32, Code, 1946, has since been changed by chapter 240, section 1, Fifty-third General Assembly, by striking $7500 and inserting $15,000.) However, this apparent inconsistent position may be disregarded. We think the record does not support appellees' allegation that the net estate exceeds $7500.

Upon the wife's death her husband became the owner of the United States bonds by virtue of the contractual rights and obligations evidenced thereby, when considered with the United States treasury regulations incorporated therein—not under statutes of descent. In re Estate of Murray, 236 Iowa 807, 821, 20 N.W.2d 49, 56; In re Guardianship of Damon, 238 Iowa 570, 579, 28 N.W.2d 48, 53; annotation 168 A. L. R. 245, 246.

Likewise, upon decedent's death no title to the Wisconsin land held in joint tenancy passed to her heirs. It vested absolutely in her husband under the deed or other instrument by which the joint tenancy was created. Hruby v. Wayman, 230 Iowa 653, 657,

298 N.W. 639, 641; Switzer v. Pratt, 237 Iowa 788, 23 N.W.2d 837; Wernet v. Jurgensen, 241 Iowa 833, 837, 43 N.W.2d 194, 197; 48 C. J. S., Joint Tenancy, section 1b, page 911; 14 Am. Jur., Cotenancy, section 6, page 80.

 It is elementary that the law of the state where the land is determines its devolution upon the death of the owner intestate. Restatement, Conflict of Laws, section 245; Ehler v. Ehler, 214 Iowa 789, 790, 243 N.W. 591; Norris v. Loyd, 183 Iowa 1056, 1065, 168 N.W. 557; Van Horn v. Van Horn, 107 Iowa 247, 249, 250, 77 N.W. 846, 45 L. R. A. 93; Marvin v. Marvin, 59 Iowa 699, 13 N.W. 851; 26 C. J. S., Descent and Distribution, section 4.

In accordance with this settled principle the existence and extent of the rights of the surviving spouse in decedent's land are determined by the law of the state where the land is. Ehler v. Ehler, supra; Restatement, Conflict of Laws, section 248(1); annotation 88 A. L. R. 861, 862, 866; 11 Am. Jur., Conflict of Laws, section 56; 28 C. J. S., Dower, section 2.

Section 636.5, Code, 1946, states: "Dower. One third in value of all * * * real property possessed by the husband at any time during the marriage, which have not been sold on execution or other judicial sale, and to which the wife had made no relinquishment of her right, shall be set apart as her property in fee simple, if she survive him. The same share of the real estate of a deceased wife shall be set apart to the surviving husband."

Section 636.32 provides: "Absence of issue. If the intestate leaves no issue, the whole of the estate to the amount of seventy-five hundred dollars, after the payment of the debts and expenses of administration, and one half of all of the estate in excess of said seventy-five hundred dollars shall go to the surviving spouse and the other one half of said excess shall go to the parents."

Any part of this estate that decedent's parents would have taken had they survived her would go to her brothers and sisters. Code section 636.40.

 We believe section 636.32, not 636.5, is applicable here. It is the only Iowa statute which purports to govern the descent of property where as here the intestate leaves no issue.

It is true 636.32 does not deal solely with land but with the whole estate and part of this estate is personalty which descends

according to Wisconsin law. But this fact affords no basis for not applying section 636.32 as to this Iowa land. We find no indication in any Iowa statute our legislature did not intend 636.32 to govern the devolution of Iowa land of an intestate without issue even though he was a nonresident and part of the whole estate descends according to the law of another state. And where as here the whole net estate is less than $7500 in value (and the intestate leaves no issue) the Iowa land goes to the surviving spouse under 636.32.

If decedent here had left children appellant would still have received one third in value of this land under section 636.5 and the children would have taken the other two thirds. Section 636.31. Thus under the trial court's decision the spouse receives no greater share than if decedent had left children and the brothers and sisters receive the same share the children would have taken. There is no Iowa statute which entitles these brothers and sisters to two thirds of this land. Our statutes give them only such share as decedent's parents would have taken had they survived.

 Since appellant-spouse pleaded the Wisconsin statutes we must notice them judicially. Rule 94, Rules of Civil Procedure (which requires only that the pleading "refer to such statute by plain designation."). Under them, as stated, the surviving spouse is entitled to all lands and personalty regardless of value. Thus if the whole estate had descended according to the statutes of either Wisconsin or Iowa, appellant would take it all. We are unable to conclude that appellant is entitled to less simply because descent of the personalty only is governed by Wisconsin law and that of the realty only by Iowa law.

We think our conclusion does not conflict with the decision in Hite v. Hite, 301 Mass. 294, 17 N.E.2d 176, 119 A. L. R. 517, cited by appellees and evidently relied on by the trial court. There an Ohio resident died intestate survived by a widow and parent, but no issue, leaving real and personal property in both Massachusetts and Ohio. The total estate in Massachusetts was less than $5000 in value but the total net estate there and in Ohio exceeded that amount. A Massachusetts statute (chapter 199, section 1) provided the realty of a nonresident decedent should descend according to Massachusetts laws and his personalty according to the

laws of the state of his domicile. Under Ohio law this widow was entitled to three fourths and the parent to one fourth of both realty and personalty. One of the Massachusetts statutes (chapter 190, section 1) governing the administration of estates of resident decedents provided that the spouse of a decedent dying intestate without issue should take the whole estate if its value did not exceed $5000, otherwise the spouse took $5000 and half the remainder. The court held the widow was not entitled to all the Massachusetts personalty because that would be contrary to the law of Ohio which the Massachusetts statute (chapter 199, section 1) provided should govern descent of personalty and was not entitled to all the Massachusetts realty because the whole estate (in Massachusetts and Ohio) exceeded $5000 in value. In view of this excess in value of the whole estate the widow was held entitled only to half the realty under chapter 190, section 1.

Here, as we have said, unlike the situation in the Hite case, the whole net estate (both in Iowa and Wisconsin) does not exceed $7500 in value. Further, as stated, under the laws of both Iowa and Wisconsin this entire estate would descend to appellant. Nor do we find any indication in our statutes that section 636.32 was not intended to apply to the facts presented here even though this is an ancillary administration.

The decision in the Hite case does not support the trial court's decision here. Mrs. Hite's claim to preference as to all the Massachusetts realty was denied even though it was less than $5000 in value because the whole estate did not come within the statutory description found in chapter 190, section 1, under which the preference was claimed. But she was awarded her half the realty under another provision of the same statute, somewhat similar to our section 636.32. Here this whole estate answers the statutory description found in 636.32 under which appellant is entitled to the Iowa land claimed by him.—Reversed.

All JUSTICES concur.