Merrimack,
No. 4358.

QUINCY V. SINCLAIR *v.* EDITH M. SINCLAIR, *Adm'x.*

Submitted December 7, 1954.

Decided December 15, 1954.

*George P. Cofran* for the appellant, furnished no brief.

*Upton, Sanders & Upton* and *Richard F. Upton* for the appellee.

KENISON, C. J. It is a rule of general application that the descent of real property is governed by the law of the state where the property is located. *Meader* v. *Place,* 43 N. H. 307; *In re Clemmons Estate,* 242 Iowa 1248. Since the law of the situs controls, the domicile of the intestate is unimportant. 2 Beale, Conflict of Laws, *s.* 245.1; Goodrich, Conflict of Laws (3rd *ed.*) *s.* 164; see also, the *dictum* in *Anderson* v. *French,* 77 N. H. 509, 511. This rule finds specific application in determining the rights of a widow in the real estate of her intestate husband. "The existence and extent of a common law or statutory interest of a surviving spouse in the land of a deceased spouse are determined by the law of the state where the land is." Restatement, Conflict of Laws, *s.* 248(1). While it has been said that there are logical reasons and policy arguments for a different rule, the great weight of authority supports the views of the Restatement. Marsh, Marital Property in Conflict of Laws 136-138 (1952); *International Paper Co.* v. *Bellows Falls Canal Co.,* 91 Vt. 350.

The widow by proceeding to assert her rights in the ancillary

administration in New Hampshire (*Clark* v. *Clement,* 33 N. H. 563), obtains a larger share of the value of the real estate than she would in the domiciliary administration in Vermont. R. L., *c.* 359, *s.* 11, as amended by Laws 1951, *c.* 29, *s.* 4; Vermont Statutes (1947 Revision) *c.* 144. This fact is immaterial in deciding whether the governing law is in New Hampshire or Vermont. See *In re Bassford's Will,* 127 N. Y. S. 653. The law of the situs of the real estate has been applied in determining the procedure and time limitations that a widow must conform with in order to claim dower or its statutory equivalent in the real estate of her deceased husband. *Bish* v. *Bish,* 181 Md. 621. Although there is limited authority on the point, the cases generally hold that in computing the value or interest due the surviving spouse the value of the real property of the decedent in other states is not to be taken into consideration. Anno. 66 A. L. R. 733. This is based on the proposition that only the state where the land is determines the method, extent and amount of succession thereto. Restatement, Conflict of Laws, *s.* 470, *comment* e; *Gaskins* v. *Gaskins,* 311 Ky. 59.

While an estate is a single thing for practical purposes and its unitary character should be emphasized for the convenient administration of estates at the domicile, there are persuasive reasons why the law of the domicile has not been applied to determine rights in real estate. "Any supposed desirability or convenience in the administration of estates arising from this would certainly be counterbalanced by the inconvenience of searching title and the impossibility of determining the validity of title if such foreign judgments are considered as directly affecting the title to land . . . The domicil theory would make difficult, even impossible, the tracing of title to land." Stimson, Conflict of Laws and the Administration of Decedents' Real Estate, 6 Vanderbilt L. Rev. 545, 548 (1953). See also, introductory note to chapter 11, Administration of Estates, Restatement, Conflict of Laws 559, 560.

Accordingly we conclude that the appellee's share in the real estate of the decedent is determined by the law of New Hampshire. Stimson, *supra,* 560; 3 Beale, Conflict of Laws 1444.

*Remanded.*

All concurred.