LIZZIE WHISLER, appellee, v. J. L. WHISLER, appellant.

No. 49371.

(Reported in 88 N.W.2d 68)

FEBRUARY 11, 1958.

Savery & Yarham, of Atlantic, for appellant.

Jones, Cambridge & Carl, of Atlantic, and Lynn Adams, of Oklahoma City, Oklahoma, for appellee.

WENNERSTRUM, J.—Plaintiff's action seeks a declaratory judgment and the determination of her interest as a surviving widow in real estate located in Iowa but in the name of her

husband, a nonresident intestate decedent. There was no issue surviving. The widow sought a decree holding that she is entitled to the first $15,000 plus one half of the remainder in value of the real estate located in this state. Section 636.32, 1954 Code. She had received from the estate of the decedent under the laws of Oklahoma, where she and her husband had resided and had their domicile, a sum far in excess of $15,000. The trial court held the widow was entitled to the first $15,000 of the value of the real property in Iowa, after payment of debts and cost of administration, plus one half of the excess, and further held the value of the estate in Oklahoma was not to be considered in determining the distribution and interest of the parties in the estate in Iowa. The sole surviving brother of the decedent, who had held a one-half interest with his brother in the land here involved, maintains the first $15,000 has been received from the estate in Oklahoma and the widow is only entitled to a one-half interest in the Iowa real estate. The brother has appealed from a contrary holding by the trial court.

A stipulation of facts was submitted to the court and is here summarized. R. M. Whisler, a resident of the State of Oklahoma, died on October 11, 1955, without issue, intestate, leaving as his surviving spouse, Lizzie Whisler, who is the plaintiff, and a brother J. L. Whisler; that domiciliary administration has been opened in Oklahoma; that the decedent died seized of personal property located in that state of the estimated value of $94,830.31 and also died seized of real estate in that state of an estimated value of $70,146.50; that there was also other real and personal property in the State of Oklahoma in which the decedent held an interest as joint tenant with Lizzie Whisler, his wife, with right of survivorship, and this jointly held property had an estimated value of $152,092.90; that the decedent, R. M. Whisler, owned as tenant in common a one-half interest in approximately 341.47 acres of land in Cass County, Iowa; the other one half was owned by J. L. Whisler, his brother, and at the time of decedent's death the value of his one-half interest of the real estate in Iowa was estimated to be $23,049.23; that subject to the objections as to materiality, the widow, Lizzie Whisler, will under the law of Oklahoma receive all the personal property of the decedent.

Section 636.32 of the 1954 Code is as follows: "Absence of issue. If the intestate leaves no issue, the whole of the estate to the amount of fifteen thousand dollars, after the payment of the debts and expenses of administration, and one half of all of the estate in excess of said fifteen thousand dollars shall go to the surviving spouse and the other one half of said excess shall go to the parents. If no spouse, the whole shall go to the parents. In case of an adopted child, the parents by adoption shall inherit as if they were the natural parents."

The trial court in its conclusions of law held the value of the estate in Oklahoma had no bearing upon devolution of the title of the real estate in Iowa for the reason the statutes of Oklahoma control the descent of property therein and regardless of the value of the property received by the widow in that state such amount or valuation cannot be considered in determining her distributive share in the Iowa property.

The defendant maintains the trial court was in error (1) in not holding the plaintiff, the widow, was entitled to only a one-half interest in the Iowa real estate, and should not receive as her interest the first $15,000 of the valuation, plus one half of the remaining valuation, and (2) in not holding the value or interest of the surviving spouse in real property in another state should be taken into consideration.

I. It is the general rule the law of the place of the property governs the descent of real property, regardless of the domicile of the deceased owner. 26A C. J. S., Descent and Distribution, section 4, pages 522, 523, and supporting citations under note 45; In re Estate of Clemmons, 242 Iowa 1248, 1251, 49 N.W.2d 883, and cases cited; In re Estate of Barrie, 240 Iowa 431, 435, 436, 35 N.W.2d 658, 9 A. L. R.2d 1399, and cases cited; Hopp v. Petkin, 222 Iowa 609, 612, 269 N.W. 758; Restatement of the Law, Conflict of Laws, section 245, page 329; De Vaughn v. Hutchinson, 165 U. S. 566, 570, 17 S. Ct. 461, 462, 41 L. Ed. 827, 829.

II. We must be concerned with the effect of section 636.32, 1954 Code, heretofore quoted. Relative to this statute where a decedent-titleholder held property in another state we made this statement in In re Estate of Clemmons, supra, 242 Iowa 1248, 1252, 49 N.W.2d 883, 885: "We find no indication

in any Iowa statute our legislature did not intend 636.32 to govern the devolution of Iowa land of an intestate without issue even though he was a nonresident and part of the whole estate descends according to the law of another state." In the cited case the total valuation of the estate both in Iowa and in Wisconsin did not exceed the amount referred to in the statute but regardless of that fact we conclude the Iowa statute and Iowa valuation would determine the devolution of Iowa real estate effected by the statute in question.

In the case of Bankers' Trust Co. v. Greims, 110 Conn. 36, 39, 42, 46, 147 A. 290, 291, 292, 293, 66 A. L. R. 726 et seq., we find a situation somewhat similar to the instant case. It was therein stated: "Should the value of the real estate owned by the testatrix at her death and situated outside of Connecticut be taken into consideration in determining the one third to be set aside to provide the amount whose use the husband would take under his election under the statute?" It was further therein set forth: "Distribution of intestate estate of real estate owned by a testator in a jurisdiction other than that of his domicile may be made in the domicile of the ancillary administration according to the law of the domicile. There can be no distribution, in the original and principal administration, of property situated in a foreign jurisdiction unless it is by order of court brought from the ancillary to the principal jurisdiction. Lawrence v. Kitteridge, 21 Conn. 577, 584, 585, 56 Am. Dec. 385. The estate of a testator within the jurisdiction of his domicile comprises all of his real estate within the state and all of his personal property everywhere, and the inventory is made up of these kinds of property, but it excludes his real estate outside the state of the domicile. * * *

"Real estate situated outside the state, being excluded from the inventory, is not within the jurisdiction of the probate court, and must be excluded from the property in which dower or the election of a spouse is set out. No method is provided here for the appraisal of the land without the state, no authority has been or could be vested in distributors to set out any part of such land for the use of the widow, and no way has been or could be provided for enforcing such decree." See also annotation, 66 A. L. R. 733, 734.

And in Sinclair v. Sinclair, Admrx., 99 N. H. 316, 318, 109 A.2d 851, 852, there is announced a similar holding as follows:

"Although there is limited authority on the point, the cases generally hold that in computing the value or interest due the surviving spouse the value of the real property of the decedent in other states is not to be taken into consideration. Annotations, 66 A. L. R. 733. This is based on the proposition that only the state where the land is determines the method, extent and amount of succession thereto. Restatement, Conflict of Laws, § 470, comment e; Gaskins v. Gaskins, 311 Ky. 59, 223 S.W.2d 374, 13 A. L. R.2d 970."

See also, as bearing on the question here considered, In re Bassford's Will, 127 N. Y. S.2d 653, 657, 658.

We have given consideration to the case of Hite v. Hite, 301 Mass. 294, 17 N.E.2d 176, 119 A. L. R. 517, cited by the defendant. We do not consider it as applicable to the question presented in the present case. It involved a Massachusetts statute. A different question was there presented from the one we are here considering.

III. If we were to consider the Oklahoma property in determining the interest of the widow in the Iowa property we would undoubtedly involve the ancillary administration in matters of appraisement of property in a foreign jurisdiction. There must be a limitation to the jurisdiction of an Iowa probate court. We have concluded the "whole of the estate" referred to in section 636.32 can only refer to the estate administered in Iowa.

Section 631.7, 1954 Code, sets out the jurisdiction of an Iowa probate court, as follows: "The court of the county in which a will is probated, or in which administration or guardianship is granted, shall have jurisdiction coextensive with the state in the settlement of the estate and the sale and distribution thereof." It will be observed this statute limits the court's jurisdiction as "* * * coextensive with the state in the settlement of the estate * * *." We are unable to conclude in a situation such as is presented in the instant case how an Iowa court could consider the valuation of property of a decedent located in

another state in determining the manner of administration of an ancillary Iowa estate.

The fact the legislature did not and has not considered property located outside of this state should be considered in connection with the administration of ancillary estates is evidenced by the provisions of section 451.3, 1954 Code, relating to the gross and net estate in the imposition of the Iowa Estate Tax. The portion of the foregoing statute here applicable is as follows:

"Gross and net estate. * * * 1*b*. In the case of a nonresident of this state, there shall be included in the value of the gross estate the value of so much of the property of such decedent, which is included in his gross estate under the provisions of the federal estate tax act, as is, at the time of his death, *situated in this state,* or *is subject to the jurisdiction of the courts of this state,* or is thereafter brought within this state and becomes subject to the jurisdiction of the courts of this state." (Emphasis supplied.)

If the legislature limits the imposition of an estate tax to property located in Iowa it would appear the same practice should be followed in determining the interest of a surviving widow under the provision of section 636.32, 1954 Code.

Our consideration of the Iowa statutes and the authorities cited causes us to conclude the trial court was correct in its conclusions of law. We consequently affirm.—Affirmed.

PETERSON, C. J., and BLISS, OLIVER, HAYS, and LARSON, JJ., concur.

SMITH, J., not sitting.